SUMMONS ON COMPLAINT          **EXHIBIT A**
Court of Common Pleas, Crawford County, Ohio
Janelle Moore     Clerk of Courts

---

WAREHAM, MARY      ETAL v DOLGEN MIDWEST LLC      23-CV-0033

---

WAREHAM, MARY      ETAL , Plaintiff
224 SOUTH COLUMBUS STREET
GALION     OH 44833


To:    DOLGEN MIDWEST LLC       , Defendant
STAT AGENT: CORP SVC CENTER
3366 RIVERSIDE DR STE 103
UPPER ARLINGTON    OH 43221

DBA: DOLLAR GENERAL

---(02)

To the following named defendants:

DOLGEN MIDWEST LLC

You have been named defendant(s) in a complaint filed in:
Crawford County Court of Common Pleas
112 E. Mansfield Suite 204
Bucyrus, OH 44820

by: WAREHAM, MARY      ETAL 224 SOUTH COLUMBUS STREET
                                               GALION          OH 44833

---

WAREHAM, STEPHEN

plaintiff(s). A copy of the complaint is attached.

You are hereby summoned and required to serve upon the plaintiff's attorney (or upon the plaintiff, if he has no attorney of record) a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of the day of service. A copy of your answer must also be filed with the Court within three days of your serving your answer upon the plaintiff or upon the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded.

Date: 2/08/23                             Janelle Moore      , Clerk of Courts

                                        By _____, Deputy Clerk

COPY

FILED CLERKS OFFICE

2023 FEB -8 P 2: 32

JANELLE MOORE
CRAWFORD COUNTY

# IN THE COURT OF COMMON PLEAS
# CRAWFORD COUNTY, OHIO
# CIVIL DIVISION

| | |
|---|---|
| Mary Wareham<br>224 S. Columbus St.<br>Galion, OH 44833 | Case No. 23CV0033 |
| | Judge |
| And | |
| Stephen Wareham<br>224 S. Columbus St.<br>Galion, OH 44833 | COMPLAINT |
| Plaintiffs, | |
| vs. | |
| Dolgen Midwest, LLC d/b/a Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 37072 | |
| Defendant. | *** *Jury Demand Endorsed Hereon*** |

Come now Plaintiffs, by and through undersigned counsel, and state the following as their complaint against Defendant:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Mary Wareham and Stephen Wareham are residents of Crawford County, Ohio.

2. Defendant Dolgen Midwest, LLC is a foreign limited liability company registered with the Ohio Secretary of State, Entity No. 1961668, conducting its business activities involving convenience stores and/or other retail ventures throughout Ohio, Crawford County Ohio, and/or at 252 Portland Way N in Galion Ohio 44833.

3. Defendant Dolgen Midwest, LLC registered the trade name Dollar General with the Ohio Secretary of State, Document No. 201506401638, under which trade name Defendant has carried or carries on some or all of its aforesaid business activities (hereinafter Defendant Dolgen Midwest, LLC referred to as "Dollar General").

4. At all times material herein, Dollar General acted through its owners, employees, contractors, and/or agents.

5. The claims for relief of the Plaintiffs against Dollar General arose as a result of the acts and/or omissions of Dollar General, in Crawford County, Ohio which proximately caused Plaintiffs to suffer damages.

6. This Court has both personal and subject matter jurisdiction.

7. Venue is proper in this Court: the conduct of Dollar General which gave rise to the claim for relief of Plaintiffs occurred in Crawford County, Ohio (Civ. R. Proc. 3(C)(3)), and/or all or part of the claim for relief of Plaintiffs arose in Crawford County, Ohio (Civ. R. Proc. 3(C)(6)).

## FACTUAL ALLEGATIONS

8. Plaintiffs incorporate the preceding paragraphs herein as if fully restated.

9. Galion is a rural city in Ohio of approximately 10,000 people.

10. Dollar General has a retail store located at 252 Portland Way N in Galion Ohio 44833 (the "Store").

11. On Friday June 17, 2022 at approximately 2:45pm, Plaintiffs entered the Store to purchase items with the following attendant circumstance and/or facts (the "Incident"):

   A. The Store is located approximately 1 mile from the home of Plaintiffs;

B. Plaintiffs have frequented the Store for the purchase of items on many occasions spanning many years without ever having unlawfully taken items or having been accused of an unlawful taking of items by Dollar General;

C. The Store was open to the public;

D. Plaintiffs were dressed appropriate for the weather; the outside temperature was at least 80 degrees Fahrenheit and sunny;

E. Plaintiff Mary Wareham was carrying only one bag, a small purse, on her person upon entering the Store;

F. Plaintiff Stephen Wareham had no packages, bags, or containers upon entering the Store and was dressed in shorts and a short-sleeved shirt;

G. Plaintiff Stephen Wareham retrieved a shopping cart from inside the entrance of the Store as they walked in;

H. Plaintiffs briefly browsed the Store;

I. Plaintiff Mary Wareham stopped a Dollar General worker—who was walking briskly from the back of the Store towards the front of the Store—and asked her about the location of a certain item for sale in the Store. On information and belief, the name of the Dollar General worker was "Hope" (hereinafter "Employee"). Employee led Plaintiff Mary Wareham to the location in the Store, pointed to the location of the requested item, and then continued briskly towards the front of the Store;

J. There was only one checkout lane open and Employee was stationed at the checkout cash register;

K. Upon retrieving items for purchase, Plaintiffs stood in line along with approximately a dozen other consumers behind them waiting to check out with Employee. At their turn, Plaintiffs placed all items in their cart on the checkout counter for scanning by Employee who did so scan the items, place the items in bag(s), and totaled the items for purchase by the Plaintiffs: $25.58 in items including tax. Plaintiff Mary Wareham paid for the items in full;

L. Employee retrieved the receipt for purchase from her register and—with no other checkout lane open and approximately a dozen consumer waiting and watching in line—slammed the receipt down motioning for Plaintiff Mary Wareham to take the receipt;

M. Once Plaintiff Mary Wareham picked up the receipt Employee yelled "what's in your purse?" as Plaintiff Mary Wareham turned away from the register. Employee thereafter demanded that Plaintiff Mary Wareham open her purse so that Employee could perform a visual search of its contents. Employee intimated that the wallet inside the purse did not belong to Plaintiff Mary Wareham causing Plaintiff Mary Wareham to reveal its contents to Employee;

N. When no items belonging to Dollar General were found, Employee stated that her basis for the detention and accusation was that the purse belonging to Plaintiff Mary Wareham "looked lighter when she came in;"

O. Plaintiffs had not unlawfully taken any items offered for sale at the Store;

P. Plaintiff Mary Wareham was allowed to leave the Store by Employee.

12. After the Incident, Employee privately apologized to Steve Wareham about the Incident who was returning the shopping cart to the Store after unloading the items purchased.

13. Plaintiffs contacted local police and Dollar General management about the Incident.

14. Later, Dollar General contacted Plaintiff Mary Wareham to apologize about the Incident.

15. Plaintiff Mary Wareham was caused to suffer serious emotional damages having been subjected to wrongful detention inside the Store by employees and/or agents of Dollar General upon false and defamatory allegations of shoplifting after same was published in the Store during the Incident.

16. Dollar General had no privilege and/or probable cause to believe that Plaintiff Mary Wareham and/or Plaintiff Stephen Wareham had unlawfully taken items offered for sale by Dollar General in the Store.

17. In the presence and hearing of approximately a dozen consumers during regular business hours who had entered the Store as invitees, Dollar General accused Plaintiff Mary Wareham of theft inside the Store publishing and/or giving publicity to same.

18. Dollar General, in fact, had no probable cause to believe that any items were taken and concealed inside the purse of Plaintiff Mary Wareham.

19. The defamatory publication was made inside the Store at the checkout while others were standing in line waiting for their turn at the only checkout operating at the time.

20. Later, on two occasions, Dollar General apologized to Plaintiffs and admitted that the matter was not handled correctly; however, Dollar General refused and continues to refuse to issue a letter of retraction and compensate Plaintiffs for the damages caused.

## CLAIMS
### Count I. Defamation

21. Plaintiffs incorporate the preceding paragraphs herein as if fully restated.

22. The aforesaid indirect and/or direct communication(s) of Defendant to third parties during the Incident at the Store about Plaintiff Mary Wareham were false.

23. Said indirect and/or direct communication(s) were defamatory.

24. The Defendant was without privilege in making any such false communication(s) and/or publication(s) to third parties about Plaintiff Mary Wareham.

25. The Defendant made said communication(s) and/or publication(s) intentionally and with malice and/or negligently without regard to their falsity.

26. The Defendant published said false and defamatory communication(s) regarding Plaintiff Mary Wareham to impugn the character and reputation of Plaintiff Mary Wareham in the community.

27. Among other direct and/or indirect falsities presented in said communication(s), the communication that Plaintiff Mary Wareham had committed a crime and/or engaged in unlawful activities is abhorrent and damaging per se.

28. Dollar General is vicariously liable under the doctrine of respondeat superior for the acts of its owners, employees, contractors, and/or agents.

29. As a direct and proximate result of the aforementioned acts and/or omissions of Dollar General, Plaintiffs have suffered and continue to suffer injury to reputation in the community, pecuniary loss, and great emotional distress in the form of, among other injury, exposure to public hatred, contempt, ridicule, shame, embarrassment, humiliation, disgrace, loss of society, companionship, and/or friendship.

30. As a direct and proximate result of the aforementioned acts and/or omissions of Dollar General, Plaintiff Mary Wareham has suffered ongoing medical expenses and loss of earnings.

### Count II. False Light Invasion of Privacy

31. Plaintiffs incorporate the preceding paragraphs herein as if fully restated.

32. The communication(s) made by Dollar General about Plaintiff Mary Wareham was untrue.

33. The communication(s) made about Plaintiff Mary Wareham by Dollar General was a major misrepresentation of her character, history, activities, or beliefs.

34. Dollar General knew or should have known that such statements and/or publication would reasonably be taken with serious offense by Plaintiff Mary Wareham and/or a reasonable person in her position.

35. The statement and/or publication made about Plaintiff Mary Wareham by Dollar General was made to—or was/is sure to reach—the public, in that Dollar General communicated same to the public at large at their Store during regular business hours at the checkout register, or to so many persons that the statement and/or publication must be regarded as substantially certain to become one of public knowledge.

36. The statement and/or publication made about Plaintiff Mary Wareham by Dollar General placed Plaintiff Mary Wareham in a false light before the public, of a kind that was highly offensive to Plaintiff Mary Wareham, or would be highly offensive to a reasonable person.

37. Dollar General knew that Plaintiff Mary Wareham, as a reasonable person, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity given to the statement and/or publication.

38. Plaintiff Mary Wareham was, in fact, seriously offended and aggrieved by the publicity given to the statement and/or publication.

39. Dollar General had knowledge of or acted in reckless disregard as to the falsity of the truth of the publicized matter and the false light in which Plaintiff Mary Wareham would be placed.

40. As a direct and proximate result of the aforementioned acts and/or omissions of Dollar General, Plaintiffs have been caused to suffer damage as alleged herein.

### Count III. False Imprisonment

41. Plaintiffs incorporate the preceding paragraphs herein as if fully restated.

42. Dollar General acts and/or omissions in the Store during the Incident placed Plaintiff Mary Wareham under great duress with the intent of and so coercing her into detention within a limited area in the Store for an appreciable time.

43. Dollar General wrongfully and intentionally confined Plaintiff Mary Wareham, without lawful privilege and against her consent within the Store.

44. Dollar General acted without privilege and/or without any probable cause to believe any items offered for sale in the Store had been unlawfully taken by Plaintiff Mary Wareham when it:

    A. Unlawfully detained Plaintiff Mary Wareham in the Store during the Incident;

    B. Searched Plaintiff Mary Wareham and/or objects on her person in the Store during the Incident.

45. As a direct and proximate result of the aforementioned acts and/or omissions of Dollar General, Plaintiffs have been caused to suffer damage as alleged herein.

### Count IV. Negligent Supervision

46. Plaintiffs incorporate the preceding paragraphs herein as if fully restated.

47. There was an employment relationship between Dollar General and its workers (hereinafter "Employee(s)") involved in the Incident at the Store.

48. The aforesaid acts and/or omissions of the Employee was inconsistent with their duties as an employee of Dollar General demonstrating a lack of competence in conducting said duties.

49. Dollar General had actual or constructive knowledge of such lack of competence with respect the aforesaid acts and/or omissions on the part of the Employee which caused Plaintiffs damage as alleged herein.

50. The aforesaid acts and/or omissions of the Employee proximately caused the injuries to Plaintiffs herein. Plaintiffs' injuries would not have occurred but for Dollar General's failure to properly hire, supervise, or retain the Employee.

51. As a direct and proximate result of Dollar General's negligence in training or supervising the Employee, Plaintiffs have suffered monetary damage as well as personal injury and/or otherwise been damaged as stated herein.

## Count V. Consortium

52. Plaintiffs incorporate the preceding paragraphs herein as if fully restated.

53. Plaintiff Stephen Wareham, as the husband of Plaintiff Mary Wareham, has a cause of action and himself suffered for the aforesaid injuries caused his wife by Dollar General who, by the aforesaid acts and/or omissions, deprived him of loss of consortium including but not limited to the love, comfort, care, companionship, and/or love of his wife.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A. An order from this Court commanding Dollar General to issue a public retraction and apology to Plaintiff Mary Wareham at cost to Dollar General in and for a time period, manner, and means determined by the Court designed to inform all in the community as to the falsity of the publication(s) made by Dollar General;

B. compensatory damages in an amount in excess of the minimum monetary jurisdictional limit of the Court;

C. punitive damages in an amount to be determined at trial;

D. reasonable attorney fees, interest according to law, costs of this action; and

E. such other and further relief as to which Plaintiff is entitled under law and equity and as the Court may deem just and proper.

Respectfully Submitted,

*signature*

John Xavier Perez (OH 0077964)
**LAW OFFICE OF JOHN XAVIER PEREZ, LLC**
6400 Emerald Parkway, 3518
Dublin, Ohio 43017
T: (614) 459-9006 / F:(614) 401-4147
E-mail: jxp@xavier-law.com
*Trial Attorney for Plaintiffs*

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury as to all issues in the above matter.

*signature*

John Xavier Perez (OH 0077964)

||| 230003.2

JANELLE MOORE
CRAWFORD COUNTY
CLERK OF COMMON PLEAS COURT
112 EAST MANSFIELD ST, SUITE 204
BUCYRUS, OH 44820



9414 7266 9904 2196 6580 84



US POSTAGE PITNEY BOWES

ZIP 44820 $ 008.58
02 1W
0001376086 FEB. 09. 2023.

DOLGEN MIDWEST LLC
DBA DOLLAR GENERAL        DBA
STAT AGENT: CORP SVC CENTER
3366 RIVERSIDE DR STE 103
UPPER ARLINGTON    OH 43221

IN THE COURT OF COMMON PLEAS
CRAWFORD COUNTY, OHIO
CIVIL DIVISION

| | |
|---|---|
| **MARY WAREHAM, et al.** : | |
| : | |
| **Plaintiffs** : | |
| : | **Case No. 23 CV 0033** |
| v. : | |
| : | **Judge Sean E Leuthold** |
| **DOLGEN MIDWEST, LLC d/b/a** : | |
| **DOLLAR GENERAL** : | |
| : | |
| **Defendant.** : | |

**DEFENANDANT'S ANSWER TO COMPLAINT**
**(with jury demand endorsed hereon)**

Now comes Defendant, Dolgen Midwest, LLC d/b/a Dollar General (hereinafter referred to as "Defendant"), by and through undersigned counsel, and for its Answer to Plaintiffs' Complaint states as follows:

**FIRST DEFENSE**

For its First Defense, Defendant responds to the numbered paragraphs of Plaintiffs' Complaint, in like-numbered paragraphs, as follows:

1. Deny for want of knowledge.

2. Admit..

3. Admit.

4. Deny for want of knowledge.

5. Deny.

6. Paragraph 6 is a conclusion of law to which no response is required. To the extent this paragraph is deemed to include facts, those facts are denied.

7. Paragraph 7 is a conclusion of law to which no response is required. To the extent this paragraph is deemed to include facts, those facts are denied.

8. Defendant reincorporates Paragraphs 1 through 7, above, as if fully rewritten herein.

9. Deny for want of knowledge.

10. Admit.

11. Deny Paragraph 11 (including subparts) for want of knowledge.

12. Deny for want of knowledge.

13. Deny for want of knowledge.

14. Admit.

15. Deny for want of knowledge.

16. Deny.

17. Deny for want of knowledge.

18. Deny.

19. Deny.

20. Deny for want of knowledge.

21. Defendant reincorporates Paragraphs 1 through 20, above, as if fully rewritten herein.

22. Deny for want of knowledge.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Defendant reincorporates Paragraphs 1 through 30, above, as if fully rewritten herein.

32. Deny for want of knowledge.

33. Deny for want of knowledge.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Defendant reincorporates Paragraphs 1 through 45, above, as if fully rewritten herein.

47. Deny for want of knowledge.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Defendant reincorporates Paragraphs 1 through 51, above, as if fully rewritten herein.

53. Deny.

## SECOND DEFENSE

54. Defendant denies all allegations contained in Plaintiffs' Complaint, not expressly admitted in this Answer.

## THIRD DEFENSE

55. Plaintiffs may have failed to mitigate damages.

## FOURTH DEFENSE

56. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

57. Plaintiffs may have failed to join necessary and indispensable parties.

## SIXTH DEFENSE

58. Plaintiffs' claim for damages may be limited or barred under the due process clauses of the Federal and Ohio Constitutions.

## SEVENTH DEFENSE

59. Plaintiffs' Complaint may have been caused by remote, intervening and/or superseding causes, or persons or entities for whom Defendants are not responsible, including those not presently known to Defendant.

## EIGHTH DEFENSE

60. After the facts of this case are known, following discovery, Plaintiffs' damages may be impacted by the doctrines of comparative negligence, assumption of the risk, or other legal doctrine that may be applicable to this case.

## NINTH DEFENSE

61. In the event Defendant is found negligent, such liability denied, they are only liable for their proportionate share of Plaintiff's alleged damages per R.C. § 2307.22, *et seq*.

## TENTH DEFENSE

62. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq*.

## ELEVENTH DEFENSE

63. Any allocation of liability must include the fault of non-parties per R.C. § 2307.23, *et seq*.

## TWELFTH DEFENSE

64. This Defendant is absolutely immune for the allegations contained in the Complaint and/or judicially immune and/or enjoys a prosecutorial absolute immunity and/or enjoys an absolute or qualified immunity.

**WHEREFORE**, Defendant prays that Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs be ordered to pay all costs and reasonable attorney fees sustained by these Defendant, and for all other relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Austin Richards (0101316)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800

        Columbus, Ohio 43215
        Tel: 614-228-1311 | Fax: 614-232-2410
        pkasson@reminger.com
        arichards@reminger.com
        *Counsel for Defendant Dolgen Midwest, LLC d/b/a*
        *Dollar General*

## **JURY DEMAND**

Now comes Defendant and hereby requests a jury to hear all of the issues of this case.

        */s/ Patrick Kasson*
        Patrick Kasson (0055570)

## **CERTIFICATE OF SERVICE**

I hereby certify a true and accurate copy of the foregoing document was sent via electronic mail this 6th day of March 2023 upon:

John Xavier Perez
Law Office of John Xavier Perez, LLC
6400 Emerald Parkway, 3518
Dublin, Ohio 43017
T: (614) 459-9006 / F: (614) 401-4147
Email: Jxp@xavier-law.com
*Atorney for Plaintiffs*

        */s/ Patrick Kasson*
        Patrick Kasson (0055570)